

IN THE UNITED STATED DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

Ronald S. Martin, Plaintiff

v.

Jonathan M. Blake,

Josh Shapiro,

Keli M. Neary, Defendants

No. 4:21-CV-0512

FILED
SCRANTON
MAR 22 2021
PER _____
DEPUTY CLERK

**CIVIL RIGHTS COMPLAINT PURSUANT TO 42 USC §1983**

---

## A. JURISDICTION

This Complaint alleges that the civil rights of plaintiff, Ronald S. Martin, who presently resides at 1515 Nowhere Road, Dewy Rose, Georgia 30634, were violated by the actions of the below-named individuals, which actions were directed against the plaintiff while at SCI-Huntingdon, 1100 Pike Street, Huntingdon, PA 16654 on 29 March 2019.

---------------

**Count I:** Defendants violated the United States Constitution, Amendment I, Free Speech of the Plaintiff, by issuing privileged legal mail through a non-secured Dept. of Corrections mail handling system, causing said mail to be opened, viewed and distributed outside of the presence of the inmate.

---------------

1) Defendant Jonathan M. Blake works at the Pennsylvania Attorney General's Office, 15th Floor, Strawberry Square, Harrisburg, PA 17120, and is

employed by same. This defendant is sued in his individual and official capacities. The defendant was acting under the color of law in his capacity as Deputy Attorney General, appearing as the primary signing agent on the evidence document, when issuing a legal response to litigation against the Office of the Attorney General on behalf of the Attorney General's office.

2) Defendant Josh Shapiro works at the Pennsylvania Attorney General's Office, 15th Floor, Strawberry Square, Harrisburg, PA 17120, and is employed by same. This defendant is sued in his individual and official capacities. The defendant was acting under the color of law in his capacity as Attorney General, with his name appearing on the evidence document as a secondary signatory, issued by Defendant #1.

3) Defendant Keli M. Neary works at the Pennsylvania Attorney General's Office, 15th Floor, Strawberry Square, Harrisburg, PA 17120, and is employed by same. This defendant is sued in her individual and official capacities. The defendant was acting under the color of law in her capacity as Chief Deputy Attorney General, with her name appearing on the evidence document as a secondary signatory, issued by Defendant #1.

4) Jurisdiction is invoked pursuant to 28 USC §1343(a)(3); 42 USC §1983; United States Constitution, Amendment I.

## B. NATURE OF THE CASE

On 29 March 2019, Defendant #1 issued legal mail to the Plaintiff during the time in which the Plaintiff was incarcerated. The mail contained a legal response to litigation filed by the Plaintiff. The mail also contained a copy of the Plaintiff's criminal history record information, whose contents, in part, are protected by the Pennsylvania Criminal History Records Act (CHRIA). A state case, filed by the Plaintiff for violations of CHRIA (18 Pa. §9121, et. seq.), remains under review as of the date of this §1983 filing. Defendant

#1 issued the Plaintiff's inmate legal mail through the Pennsylvania Department of Corrections (DOC) third-party mail handing vendor, Smart Communications, of St. Petersburg, Florida. This act caused the privileged legal mail to be opened outside of the presence of the inmate, viewed/inspected, scanned and placed on a searchable electronic database, emailed to SCI-Huntingdon, viewed/inspected, printed, viewed/inspected, and hand-delivered to the inmate without any security cover or protection of Constitutionally-guaranteed rights.

The acts committed by Defendant #1 and his colleagues, Defendants #2 and #3, whose names appear on the legal mail signature page are a clear violation of the US Constitution, First Amendment, protected free speech rights of inmates.

## C. CAUSE OF ACTION

The following civil rights have been violated:

1. The Plaintiff's Free Speech Rights, guaranteed to prison inmates through the privacy granted by the rules and laws governing inmate legal mail, has established this civil rights violation of the United States Constitution, wherein inmate legal mail was sent through Smart Communications, and opened outside of the presence of the inmate.
2. The Plaintiff's civil rights were further violated, having his entire lifetime future safety - and that of his family - unduly placed in jeopardy by the public posting and world-wide dissemination of the Plaintiff's Criminal History Records and privileged legal mail.

SUPPORTING FACTS:

1. Defendant #1 appeared on the legal mail documents as Deputy Attorney General, signed and sent legal mail to the Petitioner, who was an inmate at SCI-Huntingdon, Pa. DOC.
2. Defendant #2 appeared on the legal mail documents as Attorney General, but did appear on the signature line. The inclusion of this individual on the document as a secondary signatory establishes his relevancy to the civil rights violation.
3. Defendant #3 appeared on the legal mail documents as Chief Deputy Attorney General, but did appear on the signature line. The inclusion of this individual on the document as a secondary signatory establishes her relevancy to the civil rights violation.
4. The legal mail was sent to the inmate via Smart Communications, a third-party mail handling vendor in St. Petersburg, Florida. The act of sending the privileged legal mail through Smart Communications violated the civil rights of the Plaintiff.
    a. The Defendants, by sending the privileged legal mail to Smart Communications, instead of directly to the inmate at the prison as required, caused the entire contents of the mail to be opened outside the presence of the inmate and placed onto an electronic database which sole purpose stands as a searchable database of inmate mail by the DOC. The database is connected to the internet, and is therefore accessible globally.
    b. The legal mail contained privileged legal information pertaining to an ongoing legal case between the Plaintiff and the Defendants.
    c. The legal mail contained a Criminal History Record, which may not be disseminated without a request (no such request was made), and parts of which are subject to extraction under state law but were not first extracted by the Defendants.

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) A lawsuit pertaining to the state violations committed by the same Defendants was begun approximately 2 months after the civil rights violation occurred.

   a. Plaintiff: Ronald S. Martin

   Defendants: Jonathan M. Blake, Josh Shapiro, Keli M. Neary

   b. PA Supreme Court, Docket # 490 MT 2020

   c. Case pending, under appeal.

   d. Issues Raised: Violation of 18 Pa. §9121(b), whereby Defendants failed to extract certain information from the Criminal History Records before disseminating the records, and use of the records where they were neither requested by any party nor relevant to the matter.

   e. Filing Date: 12 March 2021

   f. Date of Disposition: Pending.

2) Plaintiff has not previously sought informal or formal relief from the proper administrative officials regarding the acts alleged in Part C. The Constitutional Civil Rights matter is properly decided in Federal Court, and was not addressed in the state court filings.

## E. REQUEST FOR RELIEF

The Plaintiff hereby requests a monetary civil rights settlement in the amount of three million dollars ($3,000,000). The Plaintiff hereby requests a formal written apology by the Defendants, acknowledging wrongdoing.

The Plaintiff's private information has been placed on an electronic database that is accessible world-wide via the internet. It is impossible to know in what manner or in what amount the Plaintiff's information may be used by nefarious actors for blackmail, public shaming, or other acts of violence

committed against the Plaintiff and his family. Because of this civil rights violation, the Plaintiff and his family must spend the rest of their lives "looking over their shoulders."

The Plaintiff is currently engaged in due process to overturn his criminal conviction. When the case is overturned, it will have been rendered impossible to seal or withdraw from public view the Plaintiff's Records and all attached case information because of the civil rights violations described in this Complaint.

The Plaintiff is in generally good health, and has a reasonable life expectancy of 30 years beyond the date of this filing. The Plaintiff requests the aggregate one-time amount of $3,000,000 based on punitive damages of $100,000 per year for the next thirty years. The Plaintiff and his family admit that no pecuniary amount can compensate for the fear under which they must now live, so this provisional amount is hereby requested.

Respectfully,

_____

Ronald S. Martin, In *Pro Se*
16 March 2021

1515 Nowhere Road
Dewy Rose, Georgia 30634
706-436-1998
minister4jesus63@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

Ronald S. Martin

v.                                              No.

Jonathan M. Blake, Josh Shapiro, Keli M. Neary

## CERTIFICATE OF SERVICE

I, Ronald S. Martin, hereby certify that on __17 MAR__ 20_21_, I caused the foregoing documents,

__§1983 COMPLAINT, FILING FEE__

To be served upon the person(s), agency, or office indicated below by having same deposited in the United States Mail, postage paid, at the main post office, Dewy Rose, Georgia, 30634.

Respectfully Submitted,

_/s/ Ronald S. Martin_

Ronald S. Martin                            706-436-1998
1515 Nowhere Road                    minister4jesus63@gmail.com
Dewy Rose, Georgia 30634

Served upon: __CLERK OF COURTS__
__US FED DIST COURT, MID DIST OF PA__
__WILLIAM J NEALON FED. BLDG.__
__235 N WASHINGTON AVE.__
__SCRANTON, PA 18503__



FROM:
Romolo Mazzei
1515 Moultrie Rd
Dewy Rose, GA 30634

TO: Clerk of Courts
US Fed. Dist. Court, Mdl Dist of PA
Wm. J Nealon Fed. Blog
235 N. Washington Ave.
Scranton, PA 18503

RECEIVED
SCRANTON
MAR 2? 2021
DEPUTY CLERK